# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ANTHONY R. CHAVEZ,

    Plaintiff,

-vs-                                                  No. CIV 98-0130 LH/LFG

CITY OF ALBUQUERQUE, CITY OF
ALBUQUERQUE POLICE OFFICER
RICHARD GRIEGO, CITY OF
ALBUQUERQUE POLICE OFFICER JOHN
DOE #1, COUNTY OF BERNALILLO,
BERNALILLO COUNTY DETENTION
CENTER, CORRECTIONS OFFICER JOHN
DOE #2, CORRECTIONS OFFICER JOHN
DOE #3, BERNALILLO COUNTY SHERIFF'S
DEPARTMENT and NEW MEXICO CRIME
STOPPERS, INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants County of Bernalillo and Bernalillo County Detention Center's Motion to Dismiss Claim for Punitive Damages, to Dismiss Bernalillo County Detention Center, and to Grant Summary Judgment to County of Bernalillo (Docket No. 31), filed March 3, 1999, and Officer Griego's Motion to Dismiss Complaint Against Officer Richard Griego for Insufficiency of Service of Process (Docket No. 34), filed March 18, 1999. The Court, having considered the Motions, the record, and the applicable law, finds that the Motions are well taken and will be **granted.**

Plaintiff Anthony R. Chavez allegedly was detained for six days in the Bernalillo County Detention Center (BCDC) due to mistaken identity. He now brings a civil rights action pursuant to 42 U.S.C. § 1983, claiming violation of his First, Fourth, and Fourteenth Amendment rights under the United States Constitution and Sections 10 and 18 of Article II under the New Mexico Constitution. Plaintiff has not responded to the Defendants' Motions. Pursuant to D.N.M.LR-7.5(b), failure to respond in opposition to a motion is considered consent to grant the motion.

**DEFENDANT COUNTY OF BERNALILLO AND BERNALILLO COUNTY DETENTION CENTER'S MOTION TO DISMISS CLAIM FOR PUNITIVE DAMAGES, TO DISMISS BERNALILLO COUNTY DETENTION CENTER, AND TO GRANT SUMMARY JUDGMENT TO COUNTY OF BERNALILLO**

**1. Motion to Dismiss Claim for Punitive Damages**

Defendants Bernalillo County and BCDC move for dismissal of Plaintiff's claims for punitive damages. In considering a motion to dismiss, the Court must liberally construe the pleadings, *Gas-A-Car, Inc. v. American Petrofina, Inc.,* 484 F.2d 1102, 1107 (10th Cir. 1973), accepting all material allegations as true, *Ash Creek Mining Co. v. Lujan,* 969 F.2d 868, 870 (10th Cir. 1992). Dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). Therefore, "the issue is not whether a plaintiff will ultimately prevail but whether claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer,* 468 U.S. 183 (1984).

The Supreme Court has held that a plaintiff may not seek punitive damages against a municipality under 42 U.S.C. § 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Similarly, the New Mexico Tort Claims Act does not allow for punitive damages against

governmental entities or public employees. N.M. STAT. ANN. § 41-4-19(B) (Michie Repl. Pamph. 1996). Therefore, Defendants' Motion will be granted.

**2. Motion to Dismiss Bernalillo County Detention Center**

Defendant BCDC moves for dismissal on the grounds that it is not a "person" subject to suit under 42 U.S.C. § 1983. While municipalities and other local government units are considered "persons" under § 1983, *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978), local governmental departments generally are not, *Stump v. Gates*, 777 F. Supp. 808, 816 (D. Colo. 1991). BCDC is operated by the City of Albuquerque pursuant to a joint powers agreement between Bernalillo County and the City. As such, it does not have a separate identity as a body politic or corporation. *See Monell*, 436 U.S. at 690 n.54; *see also Fields*, 789 F. Supp. 20, 22 (D.D.C. 1992). Therefore, as to Plaintiff's § 1983 claims, Defendant BCDC will be dismissed.

**3. Motion to Grant Summary Judgment to Bernalillo County**

Defendant Bernalillo County moves for summary judgment, seeking dismissal of Plaintiff's Amended Complaint. Summary judgment properly may be granted if there are no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986).

The undisputed material facts of this case, none of which are challenged by Plaintiff, are as follows:

1. The Bernalillo County Detention Center is operated by the City of Albuquerque under a Joint Powers Agreement between the City of Albuquerque and Bernalillo County.

2. Bernalillo County does not operate or manage the day-to-day activities of the Bernalillo County Detention Center.

3. Defendants John Doe corrections officers #1 and #2 could not be employees of Bernalillo County.

4. No custom or policy promulgated or implemented by Bernalillo County was implicated in the incident about which Plaintiff complains.

(Mem. Supp. Bernalillo County's Mot. Summ. J. at 3 (citations omitted).)

### A. Plaintiff's claims under 42 U.S.C. § 1983

In any § 1983 claim, there must be a nexus between the defendant and the alleged injury to the plaintiff. *Monell*, 436 U.S. at 690. In this case, Bernalillo County does not operate the facility where the injury is alleged to have occurred, nor does it supervise the alleged tortfeasors. There is no nexus between Bernalillo County and the Plaintiff's injuries.

### B. Plaintiff's State law claims

Under the New Mexico Tort Claims Act, public entities are liable only for their own tortious acts. N.M. STAT. ANN. 1978 § 41-4-2(A). Proximate cause is a necessary element for the claim. As stated above, Bernalillo County does not operate the BCDC or supervise its employees.

Defendant Bernalillo County's Motion for Summary Judgment will be granted.

## MOTION TO DISMISS COMPLAINT AGAINST OFFICER RICHARD GRIEGO FOR INSUFFICIENCY OF SERVICE OF PROCESS

Officer Griego moves for dismissal of the Complaint for insufficiency of service of process. Pursuant to the Federal Rules of Civil Procedure:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that *if the plaintiff shows good cause for the failure*, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m)(emphasis added).

Plaintiff filed his Amended Complaint naming Officer Griego on June 10, 1998. As of March 18, 1999, the date of filing of this Motion, service of process has not been effected on Officer Griego. Plaintiff has made no request for an extension of time for service of process on Officer Griego, nor has he made any showing of good cause as to why an extension should be granted. Neither has he argued excusable neglect. *See id.* 6(2)(b). Therefore, the Motion will be granted.

**IT IS HEREBY ORDERED** that Defendants County of Bernalillo and Bernalillo County Detention Center's Motion to Dismiss Claim for Punitive Damages, to Dismiss Bernalillo County Detention Center, and to Grant Summary Judgment to County of Bernalillo (Docket No. 31), filed March 3, 1999, is **GRANTED** in its entirety.

**IT IS FURTHER ORDERED** that the Motion to Dismiss Complaint Against Officer Richard Griego for Insufficiency of Service of Process (Docket No. 34), filed March 18, 1999, is **GRANTED.**

_____
**UNITED STATES DISTRICT JUDGE**